Tilghman C. J.
The plaintiff in this ejectment made title as follows : On the 19th June, 1795, a warrant was granted to George Heinish for 400 acres of land on which a survey of 464 acres was made 29th October, 1795. On the same day Heinish conveyed to John Alexander, who conveyed to Leonard Sayre, on the 6th February, 1796. On the 14th December, 1798, Sayre obtained a patent, and on the 27th January,, 1804, conveyed the whole tract to William Lane, one of the plaintiffs. The plaintiff in error has taken two exceptions to the charge of the Court of Common Pleas.
The first exception is to the Court’s opinion, “That in “ order to make a valid title it was necessary that some per- “ son should have been residing on the land at the time of “ Heinisli’s application for a warrant.” This depends upon the act of 23d September, 1794. The words of the act are, “ That no application shall be received at the land office for “ any lands within this commonwealth, except for such lands “ whereon a settlement has been, or hereafter shall be made, “ grain raised, and a person or persons residing thereon.” Nothing can be plainer than the intent of this law, that a person shall be resident on the land at the time of the application.
The words has been apply to settlements which had been made before the passing of the act. But it was expected, that the settlement, which includes residence, should be continued to the time of the application, for if a man had made a settlement and abandoned, there was no reason why he *66 should be favoured with a right of pre-emption. The policy of the law has always been to encourage the settlement and population of the country, which can only be effected by remaining on the land, and raising a family there. This has been the uniform construction of this act, on which I expressed my opinion in the case of Bexter v. Baker, 4 Binn. 213.
In order to understand the second exception, it will lie necessary to give a sketch of the evidence. The plaintiff gave evidence tending to prove, that John To rounder whom the defendants claimed, had induced Lane, (one of the plaintiffs) to purchase the land from Leonard Sayre, by representing the title of Sayre as good, and promising that he (Ford) would take part of it, but that after the purchase was made Ford refused to take part at the price which Lane had given, and disputed the title of Sayre, under a pretence that no person was residing on the land, at the time of George Heinish’s application to the land office. Whether the evidence established the fraud in Ford, and whether the defendants were privy to that fraud, it is not for this Court to determine, but the president of the Court of Common Pleas charged the jury, 44 that the plaintiff was to recover on the strength of his own 44 title, that it was immaterial what the conduct of the defendants had been, they might pocket the profits of their fraud, 14 not because they had merits, but because the plaintiff' had no 44 titled’’. Now it appears to me, that the law is not so. Whether a man be plaintiff or defendant it matters not, he shall not take advantage of his own fraud; and although, as to all the rest of the world the plaintiff’s title may be bad, yet the defendant shall not be permitted to say so. If one fraudulently induces another to purchase a bad title and acquires a good one to the same land himself, chancery will consider him as a trustee for the person whom he has defrauded, so where the general principles of policy and good faith forbid a man to dispute another’s title, he shall not be permitted to do it. Thus the tenant shall not dispute his landlord’s title, because he has confessed it to be good by accepting a lease, and has thus obtained the possession. That the plaintiff in ejectment must recover on the strength of his own title and not on the weakness of his adversary’s, is undoubtedly true in general. But in a case like the present he would recover, not by reason of the defendant’s weakness, but of his wickedness, apt because his. own title was good, but because the de *67 fendant had acted in such a manner, that it would be against conscience for him to say, that it was bad. On this point, therefore, I aip of opinion, that the charge was erroneous. ,
The judgment must be reversed, and a venire facias de novo awarded.
Yeates J. absent.
Brackrnridge J, concurred.
Judgment reversed, and a venire facias de novo awarded.